IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| V. | § | CRIMINAL NO. G-00-17 (01) |
| | § | |
| MICHAEL A. MAHAFFEY | § | |

**<u>OPINION AND ORDER</u>**

Before the Court is a Report and Recommendation from the United States Magistrate Judge which recommends that the " Motion to Correct Clerical Error Pursuant to F.R.CV. (sic) P. Rule 36" filed by Michael A. Mahaffey be denied. Mahaffey has filed timely objections to the Report and Recommendation. Having now given Mahaffey's Motion *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(C), the Court issues this Opinion and Order.

The Court finds that the Magistrate Judge's assessment of the Sentencing transcript is correct: Mahaffey was properly sentence to a term of 72 months; this Court's announcement of a 62 month sentence was simply a mistake. The Court further finds that it did not tell Mahaffey at Sentencing that he would specifically be given credit for the 10 months he had spent in federal custody. The Court did order his federal sentence to run concurrently with his undischarged state sentence, however, the Court did not depart downwardly as authorized by Section 5G1.3, n.2, of the United States Sentencing Guidelines. Ordering such a departure at this time would be aimed at remedying an error of law, not a clerical error. Therefore, the Court lacks jurisdiction under Rule 36 of the Federal Rules of Criminal Procedure to amend Mahaffey's sentence on the ground that it may have mistakenly failed to award the departure at the time of Sentencing. <u>See</u> <u>United States v. Werber</u>, 51 F.3d 342, 343 (2nd Cir. 1995) <u>see</u> also <u>United States v. Mares</u>, 868

F.2d 151 (5th Cir. 1989) ("A claim for time served prior to the date of a federal sentence is not cognizable in a proceeding pursuant to Fed.R.Crim.P. 36.")

For the foregoing reasons, the Report and Recommendation of the Magistrate Judge is **ACCEPTED** by this Court. Mahaffey's objections are **REJECTED**.

It is, therefore, the **ORDER** of this Court that the "Motion to Correct Clerical Error Pursuant to F.R.CV. (sic) P. Rule 36" (Instrument no. 69) of Michael A. Mahaffey is **DENIED**.

The Magistrate Judge also recommended that this Court consider correcting the Judgment under Rule 36 to include the recommendation that the Bureau of Prisons consider, *nunc pro tunc*, designating the state facility where Mahaffey was confined as his place of commitment for purpose of serving his federal sentence concurrently with this state sentence. The Court hereby **ACCEPTS** this recommendation of the Magistrate Judge and it is **ORDERED** that the Judgment and Sentence (Instrument no. 63) in this cause is **CORRECTED** to read as follows:

> The Court further **RECOMMENDS** that the Bureau of Prisons consider designating the Texas Department of Criminal Justice, Correctional Institutions Division, as the place of confinement of Defendant for the purpose of serving his federal sentence.

**DONE** at Galveston, Texas, this 20th day of September, 2005.

_____
Samuel B. Kent
United States District Judge